Monmouth County Court of Common Pleas.

ALLEN W. BARTHELEMY, PETITIONER-APPELLANT, v. MACY BUILDING COMPANY, INC., RESPONDENT-APPELLEE.

Decided January 31, 1941.

For the petitioner-appellant, *Tumen & Tumen* (*David H. Davis,* of counsel).

For the respondent-appellee, *McCarter & English* (*Verling C. Enteman,* of counsel).

Knight, C. P. J.  This is an appeal from a judgment of the New Jersey Workmen's Compensation Bureau.  The essential facts are as follows:

The petitioner-appellant, an employe of the respondent-appellee, was, on August 5th, 1938, repairing a roof at 1004 Fourth avenue, Asbury Park.  Said roof was constructed of asbestos shingles covered with flintkote, and the job consisted of lifting shingles and filling in cracks with a tar compound. The temperature on the morning in question ranged from a minimum of seventy-five degrees to a maximum of ninety degrees.  While he was so employed, at about eleven o'clock in the morning, the petitioner-appellant felt light-headed, stopped working and descended to the ground.  After taking down the ladder used to reach the roof and gathering together his tools and equipment and placing them in his car, he was driven home.  By the time the petitioner-appellant

reached home, which was approximately two hours after descending from the roof, he had lost the use of his right arm and right leg.

The petitioner-appellant alleges that he suffered "a cerebral thrombosis induced by exposure to excessive heat and humidity resulting in a paralysis involving the entire left side; * * *," and counsel for petitioner-appellant argues that the cases of *Ciocca* v. *National Sugar Refining Company of New Jersey*, 124 *N. J. L.* 329; 12 *Atl. Rep.* (*2d*) 130, and *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409, are dispositive of the issue in the case at bar.

In this court's opinion, the facts in the Ciocca case and the instant case are distinguishable. In the Ciocca case it was conceded that the petitioner suffered heat prostration. There is no such concession in the instant case. Not only is there no such concession, but also, I am satisfied from the medical testimony that the petitioner-appellant did not suffer heat prostration.

In the case of *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409, where the injury was similar to the injury in the case at bar, the petitioner suffered accidental strain induced by his employment which happened to be unusually hard on the day of the injury.

The pertinent part of the petitioner-appellant's testimony in this case, concerning his injury and the happening of the accident, is found in his response to the following question (page 6):

"*Q.* What happened at eleven o'clock? *A.* At eleven o'clock I felt like heated (light headed) and my stomach felt as though it was coming up, so I stopped work and reached around for the ladder, and I got the ladder, and I picked my can of tar up and my tools and I went down the ladder and got on the ground and I put my tools and the can of tar down and I was feeling worse, so I decided I had better take the ladder down."

Obviously, while working, he became ill, but in analyzing the medical testimony as to the cause of his illness, it is my opinion that the cerebral thrombosis was due to an arteriosclerosis hypertension and a heart disease suffered by the

petitioner-appellant prior to August 5th, 1938, rather than to his employment.

A careful analysis of all the testimony convinces me that the petitioner-appellant has failed to carry the burden of proof that on the day in question he was exposed to excessive heat, or that he suffered heat prostration. Further he has failed to prove any accident whatsoever, arising out of and during the course of his employment which resulted in an injury.

The judgment of the deputy commissioner of the Workmen's Compensation Bureau is affirmed, and an order may be submitted accordingly.